Carville *v.* Additon.

———————

MILTON CARVILLE *vs.* CHARLES A. ADDITON.

*Collector—not liable for assessors' errors—may remove and sell property without the town where seized—if he refuse to collect, town may choose another.  Sunday.*

Inasmuch as a collector's warrant protects him against all illegalities but his own, proof of errors in the assessment of a tax cannot be considered in a suit against one entrusted with its collection.

If a collector refuse to collect a tax, the town may choose another for that purpose.

A collector is not bound to keep or sell distrained property within the limits of the town in which it is first seized by him.

It is no objection to the legality of the collector's proceedings that one of the four days during which he kept the distress (agreeably to R. S., c. 6, § 104,) was Sunday.

It is immaterial whether an officer states his fees for travel at four cents per mile each way, or eight cents per mile one way; and no exceptions can be sustained to a ruling permitting him to amend his return so as to state his travelling fees in the former, instead of the latter mode.

ON EXCEPTIONS.

TRESPASS *de bonis* brought by a citizen of Lewiston against one claiming to act as collector of the taxes of the town of Greene for

the year 1870, who, in that capacity, distrained a pair of steers and a cow belonging to Mr. Carville, in order to obtain payment of a tax of $25.50 assessed upon land of that gentleman lying in the town of Greene.

Stephen L. Morse was originally chosen collector of that town in 1870, and was re-elected in 1871, but in the fall of the latter year he refused to collect any more taxes and surrendered the lists and his warrant to the assessors, who thereupon appointed Charles A. Additon, collector, who was also elected by the town at a special meeting, to the same office, and qualified.

The exceptions state that the plaintiff did not rely upon "any want of legality in the tax or its assessment;" yet it appears that his counsel objected before the court at *nisi prius*, (1) that the assessors of Greene had not given the requisite notice to tax-payers to bring in their lists; (2) that there was no proper description or valuation of the property assessed, those stated in the assessment of the money tax not agreeing with the statement for the highway tax; (3) that it did not appear that Carville's lands in Greene were improved, and that he was not subject to arrest or his property to distraint for the tax thereon; (4) that parol testimony was inadmissible to prove that they were improved. He also claimed (5) that there was no legal vacancy in the office of collector; hence, that the defendant was improperly assuming to act in that capacity.

The cattle were taken on Thursday, the first day of February, 1872, within the municipal limits of Lewiston, about a mile from the boundary line dividing it from Greene, and driven into the latter town, where they were kept till the following Monday, when the steers were sold at auction at Greene depot, in the same town, for $35 to Henry A. Carville, son of the plaintiff, living at home with his father, whom he accompanied to the sale. The cow was duly returned to the plaintiff after the auction, together with an account of sale and charges, and the surplus ($5.42) arising therefrom. The plaintiff's sixth objection was that the collector had no right to remove the cattle beyond the limits of the town in which

Carville *v.* Additon.

they were originally distrained, or to sell them in any other town. He also contended, in his seventh, ninth and tenth specifications of errors, that the collector's charges were exorbitant, because he had taxed for travel eight cents per mile one way instead of four cents per mile each way; and that he was improperly allowed to make this verbal correction; and that his account and return of sale was illegal for this cause. The eighth objection was that the plaintiff had not four business days after the seizure and before sale, within which to redeem his property by paying the assessment and costs.

All of these objections were overruled and the plaintiff excepted.

*Record & Hutchinson,* for the plaintiff.

*M. T. Ludden,* for the defendant.

WALTON, J. The proceedings of the collector in seizing and selling the plaintiff's property appear to have been legally correct.

The first, second and third objections to his proceedings—namely: that no notice was given by the assessors; that the land is not properly described by the assessors; and that it does not appear to have been improved land—are errors, which, if they exist, the collector is not responsible for. A collector is responsible for no illegalities but his own. *Nowell v. Tripp,* 61 Maine, 426.

The fourth objection, that parol evidence was not admissible to prove that the land assessed to the plaintiff was improved land, is immaterial, for the reason already given, that the omission to describe the land properly would be the fault of the assessors, and not the fault of the collector, and he would not be responsible for it.

The fifth objection, that there was no legal vacancy in the office of collector, and that the appointment and election of the defendant, were therefore null and void, is not well taken. It was not necessary that there should be a vacancy. It was enough that the existing collector had not only neglected and refused to complete the collection, but had actually surrendered the lists committed to him to the assessors. R. S., c. 6, § 97, § 119, § 121, § 137, and § 138.

The sixth objection, that the defendant had no legal right to remove the property from the town in which it was distrained, is not in our judgment well founded. The property was removed from a place where there would be but few, if any, bidders, to a suitable place. The removal was therefore prudent and proper. There is no law requiring property to be sold in the town where it is distrained. In such cases town lines are of no importance. *Russell v. Richards*, 11 Maine, 371.

The seventh objection, that the fees and charges for keeping and selling the property were exorbitant and illegal, is not sustained. An officer's fees for travel are four cents a mile each way. It is mere matter of form, and of no practical importance, whether the fees are taxed at four cents a mile each way, or at eight cents a mile one way. The result is the same. In this case the officer taxed his fees at eight cents a mile one way. He was allowed to amend by taxing four cents a mile each way. We consider the amendment of no importance. The amount charged was not thereby changed. The taxation was well enough without the amendment. The other charges appear to be legal and reasonable.

The eighth objection, that the property was not kept four days, is not well founded in fact. The officer's return shows that it was kept four days, and there is no evidence in the case contradicting it.

The ninth objection, that the defendant was improperly allowed to amend his return, by taxing his fees for travel at four cents a mile each way, instead of eight cents a mile one way, is not sustained for the reason already given, that the amendment was wholly immaterial, the return being well enough as it was before the amendment was made. As before stated the amount of the charge was not changed.

The tenth and last objection, that no legal account of the sale was rendered to the plaintiff, is not well founded. The case shows that an account was rendered, and it appears to have been true in fact and legal in form.        *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.